# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHIEL J. LEINWEBER, | CASE NO. 1:09-cv-01535-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Doc. 1) |
| A. DAY, et al., | |
| Defendants. | |

Plaintiff Mikhiel J. Leinweber ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 31, 2009. Presently before the Court is Plaintiff's complaint, filed on August 31, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

I. **Summary of Complaint**

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"), where the events giving rise to this action allegedly occurred. Plaintiff names as defendants Sergeant A. Day of ad-seg B-1 and psychologist Cao of ad-seg.

Plaintiff alleges the following. On February 23, 2009, Plaintiff was placed in ad seg due to safety concerns. (Pl.'s Compl. ¶ 6, p. 8 of 29.) Plaintiff spoke with Defendant Day that he was not receiving his prescribed psychiatric medication. (Id. at ¶ 8.) Defendant Day responded that it was not his problem and told Plaintiff to file a medical request form. (Id. at ¶ 9.) Pursuant to a captain's orders, Plaintiff was supposed to be only housed with like concern inmates, meaning safety concern inmates. (Id. at ¶ 10.) However, on February 24, 2009, Defendant Day arrived at Plaintiff's cell and told him that he was moving an inmate in without like concerns. (Id. at ¶ 11.) Plaintiff pointed out to Defendant Day that this would violate the captain's orders. (Id. at ¶ 12.) Plaintiff was also hallucinating at the time because of the lack of psychiatric medications for three days. (Id.)

Defendant Day moved Plaintiff to a behavioral management stripped cell for expressing his mental health needs. (Id. at ¶ 13.) The stripped cell had no mattress, laundry, or hygiene items. (Id. at ¶ 14.) Plaintiff became suicidal, and asked floor staff to call the psychiatric staff for consultation. (Id. at ¶ 16.) Defendant Day returned with Defendant Cao to Plaintiff's cell. (Id. at ¶ 18.) Plaintiff informed Defendant Cao that he had found a plethora of unknown pills in the stripped cell and he was going to kill himself if he was not placed on suicide watch to receive psychiatric treatment. (Id. at ¶ 19.) Defendants Day and Cao conferred outside the presence of Plaintiff. (Id. at ¶ 20.) Defendant Day then told Plaintiff that he would not be put on suicide watch, and that he would be returned to his stripped cell without his prescribed medication. (Id.

at ¶ 21.) Defendant Day then returned Plaintiff to his cell and told him to just kill himself and stop being a punk. (Id. at ¶ 22.)

Plaintiff ingested approximately 30 of the unknown pills in an attempt to take his own life. (Id. at ¶ 23.) Floor staff correctional officer observed this act, and called the watch office to have Plaintiff transferred to an outside hospital. (Id. at ¶ 24.) Plaintiff remained hospitalized at Delano Regional Medical Center for 3 days. (Id. at ¶ 25.) Plaintiff returned to KVSP on February 29, 2009. (Id. at ¶ 26.) On or around March 3, 2009, Defendant Day stated that because Plaintiff had played the psych game, Plaintiff was again being placed in a stripped cell. (Id. at ¶ 28.) After several days, Plaintiff asked a fellow inmate to provide him with a 602 inmate appeal. (Id. at ¶ 29.) Plaintiff filed the 602 inmate appeal by placing it in a sealed legal mail envelope and mailing it to the prison warden. (Id. at ¶ 30.)

The next day, Plaintiff was called out of his cell by Defendant Day. (Id. at ¶ 31.) Defendant Day had possession of the staff complaint filed by Plaintiff. (Id. at ¶ 32.) Defendant Day asked Plaintiff if he thought his officers would allow Plaintiff to file a staff complaint against him. (Id. at ¶ 33.) Defendant Day then tore up the complaint. (Id. at ¶ 34.) Later that day, Defendant Day transferred Plaintiff to B-3 housing unit, where Plaintiff refiled the staff complaint. (Id. at ¶ 35.)

Plaintiff alleges a violation of the Eighth Amendment and First Amendment. Plaintiff seeks monetary damages and injunctive relief.

**II.     Analysis**

**A.     Deliberate Indifference - Basic Necessities**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with

3

"deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

Plaintiff alleges that Defendant Day deprived Plaintiff of toiletries, mattress, and bedding on two occasions. At the pleading stage, Plaintiff has sufficiently alleged an Eighth Amendment claim against Defendant Day for deprivation of basic necessities.

**B.     Deliberate Indifference - Serious Medical Needs**

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994).

Here, Plaintiff alleges that Defendants Day and Cao failed to provide Plaintiff any psychiatric medications. Plaintiff also alleges that Defendants failed to remove Plaintiff from the

4

stripped cell and did not place Plaintiff on suicide watch after being informed by Plaintiff that he was feeling suicidal. Plaintiff also alleges that Defendant Day told Plaintiff to kill himself. Plaintiff has alleged sufficient facts to state a cognizable Eighth Amendment claim against Defendants Day and Cao for deliberate indifference to a serious medical need.

### C. First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that Defendant Day placed Plaintiff in a stripped cell for asking about his mental health. Plaintiff also alleges that Defendant Day tore up a 602 inmate appeal concerning this incident. Plaintiff has sufficiently alleged a cognizable First Amendment claim against Defendant Day for retaliation.

### D. Access To The Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

A necessary element for this claim requires that plaintiff show he suffered an "actual

5

injury" by being shut out of court. Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Harbury, 536 U.S. at 415.

Plaintiff does not state a claim for denial of access to the courts. Though Defendant Day's alleged actions delayed Plaintiff's ability to exhaust his administrative remedies, Plaintiff was not actually shut out of court by Defendant Day's actions. Plaintiff thus had not suffered an actual injury to a litigation opportunity and fails to state a cognizable access to the court claim.

### III. Conclusion and Order

Plaintiff has stated a cognizable claim of deliberate indifference to a serious medical need against Defendants Cao and Day, and cognizable claims of deprivation of basic necessities, and retaliation against Defendant Day. Plaintiff does not state a cognizable access to the courts claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's complaint, filed August 31, 2009, against Defendants Day and Cao for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and against Defendant Day for deprivation of basic necessities in violation of the Eighth Amendment and retaliation in violation of the First Amendment; and

2. Plaintiff's access to the courts claim is dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **March 13, 2010**          **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE