# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHEIL J. LEINWEBER, | CASE NO. 1:09-CV-01535-DLB PC |
| Plaintiff, | ORDER STRIKING MOTION CONSTRUED AS MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| A. DAY, et al., | (ECF NO. 11) |
| Defendants. | |

Plaintiff Mihkeil J. Leinweber ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for law library access filed May 3, 2010. (ECF NO. 11.) The Court construes this as a motion for preliminary injunction. Plaintiff's motion is unsigned. The Court cannot consider unsigned motions. Fed. R. Civ. P. 11(a). Accordingly, it is HEREBY ORDERED that Plaintiff's motion, filed May 3, 2010, is STRICKEN.

Even if Plaintiff's motion was signed, Plaintiff's motion would have been denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

1  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
2  must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95,
3  102, 103 S. Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of*
4  *Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982).  If the court does not
5  have an actual case or controversy before it, it has no power to hear the matter in question.
6  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal
7  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
8  determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*,
9  753 F.2d 719, 727 (9th Cir. 1985).
10  Here, Plaintiff seeks an injunction to access the law library at California State Prison, Los
11  Angeles County ("CSP-LAC"), where Plaintiff is currently incarcerated.  (Pl.'s Mot. 1-3.)  CSP-
12  LAC is not a party to this action, and the Court would thus have no jurisdiction to impose any
13  injunction.  *Zepeda*, 753 F.2d at 727.
14  IT IS SO ORDERED.
15  Dated:   **July 13, 2010**         /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE