# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHEIL J. LEINWEBER,<br><br>        Plaintiff,<br><br>    v.<br><br>A. DAY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-01535-GBC PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY AS PREMATURE<br><br>(Doc. 18, 23) |

Plaintiff Mikheil J. Leinweber ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint filed August 31, 2009, against Defendants Day and Cao for deliberate indifference to medical needs and Defendant Day for deprivation of basic necessities in violation of the Eighth Amendment and retaliation in violation of the First Amendment. The action is currently in the discovery phase. On December 27, 2010, Plaintiff filed a motion for discovery that the Court construed as a motion to compel and an order was issued directing Defendants to file a response. On February 2, 2011, Defendants filed a response stating that the requests filed on December 27, 2010, were the first requests served on Defendants and a timely response to the requests was sent on January 10, 2011. On February 2, 2011, Plaintiff filed a second motion for production of documents stating that he made no request for the production of documents on Defendants, but is seeking a subpoena from the Court.

Plaintiff is advised that discovery is self executing and the opposing party is to have an opportunity to respond to discovery requests prior to requesting intervention of the Court. The Court

will only become involved where there is a discovery dispute. Where a party has failed to answer a question, answer an interrogatory, or permit inspection of a document the requesting party may move for an order to compel an answer, production, or inspection. Fed. R. Civ. Proc. 37(a)(3)(B). In this instance, Plaintiff has filed his motion with the Court simultaneously with serving requests on Defendants and failing to allow them an opportunity to respond. Although the Court recognizes that Plaintiff is proceeding pro per, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules and is directed to the discovery and scheduling order issued on June 23, 2010. Plaintiff's motions will be denied as premature.

Additionally, if the time arises where there is a dispute, a motion to compel must be accompanied by a copy of Plaintiff's discovery requests at issue and a copy of Defendant's responses to the discovery requests. Further, the moving party, bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling responses. The necessary information must be set forth in the motion. A motion that fails to comply with this standard will be denied on the ground that it is procedurally deficient.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions for discovery filed December 27, 2010, and February 2, 2011, are denied as premature.

IT IS SO ORDERED.

Dated:   February 7, 2011

UNITED STATES MAGISTRATE JUDGE